The Honorable Pat Flanagin State Representative 935 North Washington Street Forrest City, AR 72335-2856
Dear Representative Flanagin:
This is in response to your request for an opinion concerning retirement benefits for the City of Brinkley's deputy municipal court clerks. It is my understanding that Brinkley is a city of the first class. As noted in your letter, A.C.A. § 24-8-301 et seq. authorizes cities of the first class to create a local retirement plan for municipal court judges and court clerks. Further, A.C.A. § 24-8-305 (Repl. 1996), "Entitlement to benefits generally," provides in part that "any clerk of such a municipal court appointed by the judges thereof shall be entitled to the benefits prescribed in this subchapter." In light of these provisions, you have presented the following two questions:
 1. Does the language "any clerk of such a municipal court appointed by the judges thereof" from A.C.A. § 24-8-305 include deputy municipal court clerks in the City of Brinkley within its meaning?
 2. If the answer to question one is "no" and if the deputy municipal court clerks are covered by the Arkansas Public Employees' Retirement System (APERS), can a deputy municipal court clerk who later becomes the chief municipal court clerk switch from APERS to the local retirement plan for municipal court judges and court clerks?
In my opinion, the answer to your first question is "no." In addition, it is my opinion that a deputy municipal court clerk who is covered by APERS may not transfer his or her credited service in APERS to the local retirement plan for municipal court judges and court clerks.
In Opinion 89-188 (copy enclosed), this office opined that deputy municipal court clerks are not covered by the statutory language authorizing local retirement plans for municipal court judges and clerks. See A.C.A. § 24-8-301 et seq. It was stated that although A.C.A. § 24-8-305 includes language which could be construed as including deputy clerks, when viewed with A.C.A. § 24-8-311 (Repl. 1996) and other relevant provisions it becomes clear that the legislative intent was to cover only municipal judges and "the" municipal court clerk. See also
A.C.A. § 24-8-301 (Repl. 1996). Section 24-8-311 sets out the eligibility requirements for clerks and contemplates coverage only for "the" municipal court clerk. See Op. Att'y Gen. 89-188. It is my opinion that the reasoning and conclusion of that opinion remain the correct interpretation of the applicable statutes.
With regard to your second question, it is my understanding that the City of Brinkley has elected to become a "participating public employer" and to cover its employees under APERS. See A.C.A. § 24-4-303 (Repl. 1996). All municipal employees who are in the employ of a municipality which is a participating public employer must become members of APERS.[1]
A.C.A. § 24-4-301(c) (Supp. 1997). It is, however, my opinion that a deputy municipal court clerk who is covered by APERS may not transfer his or her credited service in APERS to the local retirement plan for municipal court judges and court clerks. Nothing in A.C.A. § 24-8-301 etseq., which authorizes cities of the first class to create a local retirement plan for municipal court clerks, contemplates crediting service for prior time as a deputy municipal clerk. Eligibility for benefits is based upon years of service as "the" municipal court clerk.See A.C.A. § 24-8-311; Op. Att'y Gen. 89-188. The governing body of the municipality may, however, elect at the time of employment to include the municipal court clerk in APERS rather than providing benefits under the local retirement plan. A.C.A. § 24-8-315(f) (Repl. 1996); see also Op. Att'y Gen. 95-202. Thus, it is possible for a deputy municipal court clerk who has been covered by APERS to remain in APERS after becoming the municipal court clerk.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] As noted in your letter, the term "employees" does not include "persons who are members of, or who are eligible for benefits under or membership in, any other retirement system, excepting federal Social Security, which retirement system is supported by state funds or is authorized by the laws of the state." A.C.A. § 24-4-101(7)(B) (Supp. 1997). As discussed above, deputy municipal court clerks are not covered by the statutory language authorizing local retirement plans for municipal court judges and clerks, see A.C.A. § 24-8-301 et seq.; therefore, they are not automatically ineligible to participate in APERS.